IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO: 2:08CV180-TFM** |
| ) | |
| **22.58 ACRES OF LAND, MORE** ) | |
| **OR LESS, SITUATED IN** ) | |
| **MONTGOMERY COUNTY, STATE** ) | |
| **OF ALABAMA, AND OSI, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MOTION TO DISMISS**

COME NOW the Defendants, by and through counsel, and hereby move this Court to dismiss this action and state as grounds as follows:

1. The United States has filed this action seeking condemnation of certain real property located in Montgomery County, Alabama, which is described in Schedule "B" to the complaint.

2. In *United States v. Clarke*, 445 U.S. 253, 257, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373, 377 (1980) (quoting *United States v. Dow*, 357 U.S. 17, 21 (1958), the Supreme Court held:

> Broadly speaking, the United States may take property pursuant to its power of eminent domain in one of two ways: it can enter into physical possession of property with authority of a court order; or it can institute condemnation proceedings under various Acts of Congress providing authority for such takings.  Under the first method – physical seizure – no condemnation proceedings are instituted, and the property owner is provided a remedy under the Tucker Act, 28 U.S.C. §§1346(a)(2) and 1491, to recover just compensation.  See *Hurley v. Kincaid*, 285 U.S. 95, 104.  Under the second procedure the Government may either employee statutes which require it to pay over the judicially determined compensation before it can enter upon the land,… or proceed under other

      statutes which enable it to take immediate possession upon order of court before the amount of just compensation has been ascertained.

3. In this case, the United States is trying to employ the second method of exercising eminent domain after it has already accomplished the first method, i.e, a physical seizure of the Defendants' property.

4. Indeed, after the United States seized the Defendants' property, Defendant OSI filed a proceeding under the Tucker Act and that matter is presently pending before the United States Court of Federal Claims and is styled as OSI, Inc. v. The United States, Case No 1:04-cv- 01210-MCW.  The complaint in that case is attached hereto as Exhibit "A."

5. Since the United States has succeeded in employing the first method prescribed by the United States Supreme Court for a taking, and Defendant OSI has already implemented proceedings for damages under the Tucker Act, this cause is due to be dismissed as moot.

WHEREFORE, the Defendant hereby move this Court to dismiss this action.

Respectfully submitted this the 14th day of April, 2008.

                                                     /s/ J. Doyle Fuller_____
                                                  J. DOYLE FULLER (FUL005)

OF COUNSEL:

J. Doyle Fuller, Esq.
Jacob A. Fuller, Esq.
LAW OFFICE OF
J. DOYLE FULLER, P.C.
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Hon. Terry M. Petrie
Environmental and Natural Resources Division
U. S. Department of Justice
999 18th Street, Suite 945
Denver, CO  80202


Hon. Grant L. Kratz
U. S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC  20026-3986


via electronic notification on this the 14th day of April, 2008.


                                           /s/  J. Doyle Fuller
                                          Of Counsel

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| OSI, INC., a corporation ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:04-cv-01210-MCW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al ) | |
| ) | |
| Defendants ) | |

**COMPLAINT IN INVERSE CONDEMNATION**

I. **PARTIES**

    A.  The Plaintiff OSI, Inc. ("OSI") is a corporation organized under the law of the State of Alabama with its principle place of business in the City of Montgomery, Montgomery County, Alabama. Plantiff, OSI, operates a metal fabrication and sheet metal business at the location which is the subject of this action. Plaintiff, OSI, currently employs approximately 50 employees in its operation.

    B.  The Defendant in this case is the United States of America. This action is brought against the United States based upon actions of agents, servants and employees

1



of the United States at its facility known as Maxwell Air Force Base, (hereinafter collectively MAFB) also located in the City of Montgomery, Alabama.

## II. JURISDICTION

Jurisdiction in this case is involved under the Tucker Act, 28 USCA § 1491, et seq. The amount in controversy exceeds $10,000.00. Further justification for jurisdiction herein lies in the fact that this action is based upon a violation of the Fifth Amendment to the Constitution of the United States.

## III. GENERAL FACTUAL ALLEGATIONS

1. At some point in time, in the past and perhaps as early as the 1950's the United State of America acting through its facility at MAFB began disposal of solid waste materials at a landfill site, commonly known as Landfill 04 (LF04). LF04 was a site composed of approximately twelve (12) acres. LF04 was part of a

larger tract of land, twenty-five acres of which is now owned by Plaintiff, OSI.

These historical landfill activities were allegedly pursuant to a lease agreement between the United States and OSI's predecessor in title, and at some of the times herein complained of was undeveloped, uninhabited land contiguous to MAFB on the west side thereof. While OSI has been told by agents of the Defendant that disposal activities occurred in the area of LF04 in the 1950's, the earliest written lease for the site which has to date been produced by the Defendant is dated 1966.

2. Sometime in 1997 or 1998, OSI was informed by agents of the United States that the ground water beneath OSI's property had been determined to contain hazardous materials and contaminants which, in all likelihood, came from

3

     government solid waste disposal activities at LF04.

3. MAFB then initiated a plan of remediation for the site known as LF04. This plan of remediation, embodied in what is known as a Record of Decision (ROD), consists of long term monitoring of the ground water in the LF04 acreage and the area outside of LF04, but owned by OSI. However, as a part of the ROD, in the Summer of 2003, MAFB approached OSI requesting permission to erect an eight foot high fence to enclose the site at LF04. OSI resisted this seizure and taking of its property. Only after OSI was threatened with a fine of $25,000.00 per day did it consent to the erection of the fence. Hence, OSI's consent was coerced and involuntary. While the area subject to the lease for LF04 consists of only twelve acres this fence, erected in late Summer or early Fall of 2003, encloses in excess of 15

   acres out of a total of approximately 25
   acres owned by OSI.

4. In December 2002, agents of MAFB informed
   OSI that the agents of MAFB had
   discovered evidence to indicate that
   there may have been disposal activities
   conducted by MAFB _outside_ of the area
   covered by the lease for LF04.  Hence,
   December of 2002, was the first time at
   which OSI had any reason to suspect or
   know that MAFB had deposited waste
   materials on OSI property without any
   lawful authority.

5. After December, 2002, OSI has urged,
   demanded, and requested that MAFB conduct
   an investigation to determine exactly
   where, and exactly what, had been
   disposed on OSI property both inside and
   outside of the leased landfill area.
   MAFB has failed and refused to do so.  In
   light of that refusal, OSI was forced to
   conduct its own Environmental

Investigation under the direct supervision of a licensed and qualified Environmental Engineer who was retained by counsel for Plaintiff, OSI. The Environmental Investigation of the OSI property was necessitated because agents of MAFB, during the Fall of 2003 and Spring of 2004, verbally informed OSI and its counsel that in all probability waste materials had been deposited on the property of OSI outside the leased landfill area. As a result of this Environmental Investigation, for the first time, OSI confirmed that various waste items of concern have, in fact, been deposited, and buried, by MAFB on property outside the leased landfill area over which MAFB had no lease, and hence no lawful authority to deposit such waste items. Based upon the Environmental Investigation conducted on behalf of OSI, some of the waste items described below

were buried directly in the surficial acquifer (i.e., the groundwater). Upon information, belief and observation, Plaintiff, OSI, alleges that these waste items consist not only of household garbage, but also many other types of waste, including medical waste, (i.e. discarded bandages, vials, needles, medical instruments, etc) animal or human tissue or flesh, construction and demolition waste, items containing high metallic content, and large metal drums, some with liquid contents which possibly contain hazardous or toxic waste materials.

6. As a result of the actions of MAFB, the property of OSI both inside and outside of the leased area of LF04 has been contaminated with trichlorochene (TCE); benzine and other hazardous wastes and contaminants, all of which originated

directly from the activities of MAFB as described above.

7. The contamination has caused permanent and irreparable damage to OSI's property and therefore amounts to a taking thereof without any compensation whatsoever, let alone just compensation.

## IV. CLAIM OF INVERSE CONDEMNATION

8. Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1-7 herein.

9. The actions of MAFB as described above amount to an "inverse condemnation" in violation of the 5th Amendment to the United States Constitution.

10. As a direct and proximate result of Defendant's conduct and actions described herein, Plaintiff OSI is entitled to just compensation; however, the Defendant, United States, has failed and refused to offer or tender such just compensation to OSI.

11. Given that the conduct and actions of MAFB in burying waste material on OSI's property were latent in nature, that is, that the contaminants was disposed and buried in the ground without lawful authority, the Plaintiff did not know and could not have known of the damage to its property. Plaintiff and its predecessors in title, have made a substantial and expensive investment in constructing and improving its manufacturing and fabricating facility on the site. All of this occurred prior to the discovery of the wrongdoing of MAFB. Hence, Plaintiffs damages should be measured as of the time of discovery of the wrongdoing by MAFB which caused injury to its property. Plaintiff further alleges that inverse condemnation by the Defendant resulting in the fencing of OSI's property is also a taking without just compensation.

12. The sum claimed by the Plaintiff in this case is in excess of $10,000,000.00 for the taking of its property, but also incidental damages including relocation expenses.

WHEREFORE, Plaintiff OSI prays for judgment as follows:

A. Compensation in an amount greater than $10,000,000.00.

B. Appropriate interest thereon.

C. Recovery of appropriate costs, attorneys fees and expenses under the provisions of the Equal Access to Justice Act, and for the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970.

D. Such other and different relief as may be appropriate under the provisions.

Respectfully submitted this the 22nd day of July 2004.

_____
J. DOYLE FULLER (FUL005)
LAW OFFICE OF J. DOYLE FULLER, LLC
2851 Zelda Road
Montgomery, AL 36106
334-270-0020

10