## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Action No.: **2:08-cv-180-MEF-TFM** |
| | ) | |
| 22.58 ACRES OF LAND, MORE OR | ) | |
| LESS, SITUATED IN MONTGOMERY | ) | |
| COUNTY, STATE OF ALABAMA, | ) | |
| AND OSI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO MOTION TO DISMISS

COMES NOW, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to the Motion to Dismiss previously filed herein by defendant OSI, Inc., as follows:

1.    The defendant herein, OSI, seeks to have the United States' condemnation action involving an easement over portions of OSI's real property dismissed on the basis of mootness.  The United States asserts that its condemnation action "presents a live controversy with respect to which the court can give meaningful relief." <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir.2001).

2.    The instant case is closely related to two other federal court actions; one filed in this Court,  <u>OSI, Inc. v. United States of America, *et al.*</u>, 2:98-cv-920-MEF, and another which is presently pending in the United States Court of Federal Claims, <u>OSI, Inc. v. The United States</u>, Case No 1:04-cv- 01210-MCW.  While the matter previously

filed in this Court has been the subject of an opinion issued by the 11th Circuit Court of Appeals on May 5, 2008 (copy attached as Exhibit 1), the matter filed in the Court of Federal Claims is still pending (see copy of docket in Case No 1:04-cv- 01210-MCW, attached as Exhibit 2).

3.    The 11th Circuit Court of Appeals has recently stated, "'a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  <u>BankWest, Inc. v. Baker</u>, 446 F.3d 1358, 1364 (11th Cir. 2006), *quoting*, <u>De La Teja v. United States</u>, 321 F.3d 1357, 1362 (11th Cir. 2003) (citing <u>Powell v. McCormack</u>, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir.2001).

4.    In the instant matter the defendant OSI seeks dismissal of the United States' condemnation action arguing that it is moot by virtue of the action pending in the United States Court of Claims.  In essence, the defendant argues that the mere filing and pendency of his complaint in adverse condemnation in the Court of Federal Claims moots the condemnation action filed by the United States herein.  The United States asserts that the unresolved matter in the Court of Federal  Claims does not moot the instant action because whether there was a 5th Amendment taking, and/or the nature and extent of the alleged inverse condemnation, has yet to be determined by the Court of Federal Claims,

thus the claim of the United States herein for an easement over certain parts of OSI's property is viable and subject to adjudication.  In other words, this Court can grant the requested condemnation and determine the amount of compensation due OSI for the easement without regard to OSI's unresolved claims involving the nature and extent of its alleged inverse condemnation, or 5th Amendment taking, currently pending before the Court of Federal Claims.

WHEREFORE, premises considered, the defendant OSI's Motion to Dismiss is due to be and should be denied.

Respectfully submitted this 7th day of May, 2008.

LEURA G. CANARY
United States Attorney

By:/s/R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney
Bar Number: 9083-E56R
Post Office Box 197
Montgomery, AL  36101-0197
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
E-mail: rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to J. Doyle Fuller, Jacob A. Fuller, Thomas T. Gallion, III, Constance Caldwell Walker and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Illinois Central Railroad Company
455 North Cityfront Plaza
Chicago, IL 60611

City of Montgomery
Legal Division
Room 200
103 North Perry Street
Montgomery, Alabama 36104

State of Alabama
Troy King, Attorney General
11 South Union Street, 3rd Floor
Montgomery, AL 36130

 

 

_____

  /s/ R. Randolph Neeley
Assistant United States Attorney

# EXHIBIT 1

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-10941

D. C. Docket No. 98-00920-CV-2-MEF-WC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2008
THOMAS K. KAHN
CLERK

OSI, INC.,
A corporation,

                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
MICHAEL W. WYNNE,
as Secretary of the Air Force,
ROBERT M. GATES,
Secretary of Defense,

                                    Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

**(May 5, 2008)**

Before BLACK and CARNES, Circuit Judges, and RESTANI*, Judge.

BLACK, Circuit Judge:

_____

* Honorable Jane A. Restani, United States Court of International Trade Chief Judge, sitting by designation.

OSI, Inc. (OSI) appeals, for the second time, the grant of summary judgment

in favor of the Government on OSI's claims relating to the Air Force's use of

certain land–including, in part, land now owned by OSI–as a landfill during the

1960s, 1970s, and 1980s.  OSI brought tort claims under the Federal Tort Claims

Act (FTCA), claims of cost recovery under the Comprehensive Environmental

Response, Compensation and Liability Act (CERCLA), and a citizen suit under

the Resource Conservation Recovery Act (RCRA).  The district court granted

summary judgment in favor of the Government on all claims.  For the reasons

stated below, we affirm.

## I. BACKGROUND

The background leading up to the first appeal in this case is adequately

recounted at *OSI, Inc. v. United States*, 285 F.3d 947, 949-50 (11th Cir. 2002).

We will briefly recap the relevant facts.  During the 1960s and early 1970s, the Air

Force leased land currently owned by OSI for use as a landfill.  This land, called

LF4, was part of a larger area of land that was adjacent to Maxwell AFB leased by

the Air Force and used as landfills through the early 1990s.  Many

materials–including hazardous materials–were dumped on these sites.

In the late 1990s, the Air Force informed OSI of possible soil and

groundwater contamination on LF4 from this era of dumping.  The Air Force

2

launched an investigation of all of the areas subject to the landfill activities (a large area–which included LF4–known as OU-1) to determine whether the contamination would pose a risk to health or the environment. OSI sued the Government, alleging various tort claims relating to the activities on LF4, seeking cost recovery under CERCLA, and filing a citizen suit under RCRA.

The district court initially dismissed all the claims. This Court affirmed as regards the tort claims, finding the discretionary function exception in the FTCA prevented the court from exercising jurisdiction over the tort claims. *OSI*, 285 F.3d at 953. The Court then vacated and remanded the grant of summary judgment on the RCRA and CERCLA claims to allow the district court a chance to supplement the record and provide greater explanation for its decision. *Id.*

Subsequent to the remand, two developments of note took place. First, the Air Force released its final Summary of Remediation Selection, detailing its remedial scheme for the OU-1 area. This scheme looked at threats to a nearby aquifer and established remediation plans based on the possible impact each site within the OU-1 area might have on the aquifer. To ensure pathways to human exposure did not develop, the plan consisted largely of long-term monitoring of groundwater on OU-1, the construction of a fence, and the installation of certain

3

hydrogen-releasing compound barriers to reduce the concentration of some
hazardous materials at select sites within OU-1.

Second, OSI learned landfill activities had taken place in the 1960s in areas
outside of the technical boundaries of the LF4 leased area. OSI conceded the
technical boundaries were never followed between the Air Force and the then-
owners of LF4, the Thomasons. In their new tort claims, OSI contended the
Thomasons and the Air Force agreed that a berm around three feet in height
(roughly tracking the technical boundary of LF4) served to establish the actual
boundary for landfill activities. Thus, hazardous materials discovered west of the
berm were outside the boundary.

OSI claimed this was a new fact that changed the nature of its tort claims.
OSI reasserted its original tort claims against the Government and added a claim
for direct trespass. The Government again moved for summary judgment on the
reasserted tort claims, the CERCLA cost recovery claims, and the RCRA citizen
suit. The district court granted summary judgment on all claims. As to the tort
claims, the district court found they were barred by the law of the case because the
alleged new evidence relied on by OSI did not change the fact that all landfill
activities took place with the Thomasons' permission. Thus, the court found the
evidence remained substantially the same as the evidence before this Court in *OSI*,

4

and the law of the case controlled. On the CERCLA cost recovery claims, the

district court found OSI did not have jurisdiction to seek cost recovery under

precedents of the Supreme Court and this Court. As to the RCRA claim, the

district court found it did have jurisdiction but granted summary judgment on the

merits, finding no evidence by OSI to refute the absence of a genuine issue of

material fact as to the existence of an imminent and substantial threat to health or

the environment.

OSI appeals. Only the RCRA claim merits extended discussion.[1]

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, considering all evidence

and reasonable inferences drawn therefrom in the light most favorable to the non-

---

[1] We decline to consider the tort claims, because the district court dismissed them and we affirmed its judgment doing so. The manner in which OSI attempted to reassert the claims is not proper. The appropriate avenue for reasserting those claims would have been to seek relief from judgment under Fed. R. Civ. P. 60(b)(2). Even if OSI had appropriately sought reinstatement of its tort claims against the Government, it is unlikely it would prevail. It knew dumping took place beyond the technical boundaries of the leased area and likely should have discovered the hazardous materials beyond the berm through reasonable diligence well before this Court affirmed the dismissal.

We also reject OSI's claims for cost recovery under CERCLA. OSI sought recovery of costs from the Government under 42 U.S.C. § 9607(a), which permits recovery of removal and remediation costs voluntarily incurred by parties like OSI. *See United States v. Atlantic Research Corp.*, – U.S. –, 127 S. Ct. 2331, 2335-37 (2007). OSI has not come forward with even a scintilla of evidence that they have incurred or plan to incur costs to clean up LF4. Therefore, the grant of summary judgment on the CERCLA claims is affirmed.

5

moving party. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). Legal

conclusions are reviewed de novo. *Id.* at 1323.

### III. DISCUSSION

OSI argues the district court erred in failing to find it had raised sufficient

evidence of an imminent and substantial harm so as to survive summary judgment

on its RCRA claim. The Government contends the district court's judgment

should be affirmed, on the grounds that the court lacked jurisdiction to hear the

claim under 42 U.S.C. § 9613(h). According to the Government, because there is

an ongoing CERCLA remedial action taking place, CERCLA bars challenges

(including a RCRA citizen suit) to the ongoing cleanup. Because we agree with

the Government, we do not reach the merits of the summary judgment question.

At the heart of this question of jurisdiction over RCRA citizen suits is the

interpretation of certain CERCLA provisions and the proper source of authority

for CERCLA cleanups on federal land. RCRA permits any person to commence a

civil action against anyone who has contributed or is contributing to the handling,

storage, or disposal of hazardous waste which "may present an imminent and

substantial endangerment to health or the environment." 42 U.S.C. §

6972(a)(1)(B). Remedial actions such as the one selected here by the Air Force,

however, are authorized by CERCLA. CERCLA itself contains a jurisdictional

6

bar depriving federal courts of jurisdiction "to review any challenges to removal or remedial action selected under section 9604 of this title." *Id.* § 9613(h). Thus, if the Air Force's remedial action was selected under § 9604, then the district court lacked jurisdiction over the RCRA citizen suit until the cleanup action was complete. *See Alabama v. EPA*, 871 F.2d 1548, 1560 (11th Cir. 1989).

Before continuing with the analysis, we note two key premises driving our decision. First, the RCRA citizen suit is a "challenge" to a CERCLA remedial action because the relief sought by OSI–an injunction requiring removal of all contaminants from the site–would "interfere[] with the implementation of a CERCLA remedy." *Broward Gardens Tenants Ass'n v. EPA*, 311 F.3d 1066, 1072 (11th Cir. 2002). Second, the "remedial action" selected by the Air Force here consists of, in part, long-term monitoring. Section 9613(h) bars challenges to ongoing remedial actions, and there is a question whether a "remedial action" consisting of nothing but long-term monitoring would be considered an ongoing remedial action–obvious difficulties would arise in determining when such monitoring would be "complete" so that the jurisdictional bar would no longer bar suit. In this case, however, OSI has not adequately created a genuine issue of material fact that the non-monitoring portion of the Air Force's remediation is

7

completed.  Therefore, we do not decide whether monitoring alone is ongoing remediation for § 9613 purposes.

With these assumptions in mind, we turn to the question whether the Air Force's remedial action on a federal facility was selected under § 9604.  That section states in broad terms that whenever a hazardous substance or other threatening substance is released into the environment, "the President is authorized to act . . . to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance . . . ."  42 U.S.C. § 9604(a)(1).  Section 9604 contains a clear power granted to the President to order removal or remedial actions to address the release of hazardous materials, and the plain terms of the statute would appear to suggest removal or remedial actions such as the Air Force's in this case are "selected under" § 9604.

But § 9620 is titled "Federal facilities" and purports to cover application of CERCLA to the Federal Government.  *See id.* § 9620.  It begins by noting the United States is subject to CERCLA "in the same manner and to the same extent . . . as any nongovernmental entity."  *Id.* § 9620(a)(1).  It then lays out a detailed set of procedures for dealing with hazardous waste spills on federal land.  First, each department must provide information on contamination of each facility owned or operated by the department.  *Id.* § 9620(b).  Second, the EPA

8

Administrator must establish a compliance docket containing, among other things, this information. *Id.* § 9620(c). Third, the Administrator must then conduct a "preliminary assessment," which determines whether the facilities in question will be placed on the National Priorities List (NPL). *Id.* § 9620(d)(1). Next, the scheme states "[n]ot later than 6 months *after the inclusion of any facility on the National Priorities List*, the department [in consultation with the Administrator] *shall* . . . commence a remedial investigation and feasibility study" which may lead to remedial action. *Id.* § 9620(e)(1), (2) (emphasis added). OSI argues remedial actions on federal facilities are "selected under" § 9620–not § 9604–and therefore are not subject to § 9613's jurisdictional bar because § 9620 is the exclusive source of authority for cleanups on federal lands.

While § 9620's discussion of federal facilities is extensive, we have searched the language of the section in vain for a general authorization for the federal government to engage in remedial actions on federal facilities. The only language approaching such a grant of authority is in § 9620(e), which, as stated above, says a department "shall" engage in remedial investigation and action, but only after the site has been included on the NPL. Section 9620 contains no language authorizing any remedial activity if the site is not listed on the NPL. It is undisputed that the OU-1 site has not been placed on the NPL. The only language

9

authorizing remedial actions on such sites is found in § 9604, the language of

which is broad enough to be read as an authorization for all remedial actions,

regardless of the land upon which the action takes place. Therefore, we hold the

Air Force's remedial action for OU-1, a federal facility not listed on the NPL, was

"selected under" § 9604 and is subject to the jurisdictional bar of § 9613(h). The

district court lacked jurisdiction to hear OSI's RCRA citizen suit while the

remediation is ongoing. *See Alabama v. EPA*, 871 F.2d at 1560.

Our view of § 9613(h) for federal facilities not listed on the NPL comports

with the view of the Seventh Circuit. *Pollack v. U.S. Dep't of Defense*, 507 F.3d

522, 525-27 (7th Cir. 2007). The only other Circuit to address the jurisdictional

bar for federal facilities and the source of authority for remedial actions is the

Ninth Circuit in *Fort Ord Toxics Project, Inc. v. California EPA*, 189 F.3d 828

(9th Cir. 1999), which held challenges to federal site cleanups were not subject to

§ 9613(h)'s jurisdictional bar. As the court in *Pollack* noted, however, *Fort Ord* is

distinguishable because there the federal facility was listed on the NPL. *Pollack*,

507 F.3d at 526.[2] Where a federal facility is not listed on the NPL, the only

language authorizing remedial or removal actions is found in § 9604; such actions

---

[2] We do not have before us the question of whether a remedial action on a federal facility
that *was* listed on the NPL would be "selected under"§ 9620 and thus not subject to § 9613(h)'s
jurisdictional bar, and nothing in this opinion should be read to decide the issue.

10

therefore are subject to the jurisdictional bar of § 9613(h) because the remediation is "selected under section 9604."  42 U.S.C. § 9613(h).

## IV. CONCLUSION

The district court lacked jurisdiction to hear OSI's RCRA citizen suit claim while the federal facility remedial action was ongoing.  Because the remaining aspects of OSI's appeal are without merit, the district court's grant of summary judgment is

**AFFIRMED**.

EXHIBIT 2

ADR, ECF, STAYED

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:04-cv-01210-MCW

OSI, INC., v. USA
Assigned to: Judge Mary Ellen Coster Williams
Referred to: Senior Judge Eric G. Bruggink
Demand: $10,000
Cause: 28:1491 Tucker Act

Date Filed: 07/26/2004
Jury Demand: None
Nature of Suit: 512 Taking - Realty
Jurisdiction: U.S. Government
Defendant

## **Plaintiff**

**OSI, INC.**
*a corporation*

represented by  **J. Doyle Fuller**
Law Office of J. Doyle Fuller
2851 Zelda Road
Montgomery, AL 36106
(334) 270-0020
Fax: (334) 270-9848
Email: jdf@jdoylefuller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## **Defendant**

**USA**

represented by  **Terry M. Petrie**
U. S. Department of Justice, ENRD
1961 Stout Street
8th Floor
Denver, CO 80294
(303) 844-1369
Fax: (303) 844-1350
Email: Terry.Petrie@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2004 | 1 | COMPLAINT against USA (AF) ( Filing fee $150, Receipt number 061074), filed by OSI, INC.. Answer Due by 10/18/2004.(lg1, ) Modified on 8/18/2004 to reflect change in answer due date. See remark entered this date. (dls). Modified on 11/4/2004 to correct plaintiff's name. (dls). (Entered: 07/27/2004) |
| 07/26/2004 | 2 | NOTICE of Assignment to Judge Mary Ellen Coster Williams. (lg1, ) (Entered: 07/27/2004) |
| 08/18/2004 | | The Department of Justice's copies of the complaint have been returned by the Commercial Lit. Division after determining that this case should be represented by the Environment & Natural Resources Division. The complaint has been re-served this day, with the answer due date adjusted accordingly. (dls) (Entered: 08/18/2004) |
| 09/07/2004 | 3 | NOTICE of Appearance by Terry Mitchell Petrie for USA. Service: 9/3/2004.(jcp, ) (Entered: 09/09/2004) |
| 10/13/2004 | 4 | MOTION for Extension of Time to File Answer re 1 Complaint until 12/17/2004 filed by USA.Service: 12/12/04. (dls) (Entered: 10/28/2004) |
| 10/18/2004 | 5 | ORDER granting 4 Motion for Extension of Time to Answer. Answer Due by 12/17/2004. (signed by the Clerk) (dls) (Entered: 10/28/2004) |
| 12/30/2004 | 6 | ORDER RETURNING Defendant's Partial Motion to Dismiss and Memorandum of Law in support received December 17, 2004. The motion was not in compliance with the RCFC 5.2(a)(1)(A), 7(b) and 5.3(c). Signed by Judge Mary Ellen Coster Williams. (dw1) (Entered: 01/04/2005) |
| 01/07/2005 | 7 | Defendant's Partial MOTION to Dismiss pursuant to Rule 12(b)(1) by USA. Service: 01/06/05. Response due by 2/7/2005 (mb2, ) (Entered: 01/11/2005) |
| 03/07/2005 | 8 | MOTION for Extension of Time to File Response as to 7 MOTION to Dismiss pursuant to Rule 12(b)(1), until 3/15/2005, filed by OSI, INC. Service: 3/1/2005. Response due by 3/18/2005. (mb2, ) (Entered: 03/10/2005) |
| 03/22/2005 | 9 | MOTION for Extension of Time to File Reply to Response to 7 MOTION to Dismiss pursuant to Rule 12(b)(1), (until April 19, 2005) filed by USA. Service: 3/21/05. (dw1) (Entered: 03/25/2005) |

| 03/25/2005 | 10 | RESPONSE to 7 MOTION to Dismiss pursuant to Rule 12(b)(1) filed by OSI, INC. Reply due by 4/8/2005. [FILED BY LEAVE OF THE JUDGE] Service: 3/17/2005.(mb2, ) (Entered: 03/29/2005) |
| 03/25/2005 | 11 | ORDER granting 8 Motion for Extension of Time to File Response re 7 MOTION to Dismiss pursuant to Rule 12(b)(1) Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 03/29/2005) |
| 03/29/2005 | 12 | ORDER granting 9 Motion for Extension of Time to File Reply as to 7 MOTION to Dismiss pursuant to Rule 12(b)(1). Reply due by 4/19/2005. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 03/31/2005) |
| 04/19/2005 | 13 | REPLY to Response to Motion re 7 MOTION to Dismiss pursuant to Rule 12(b)(1) filed by USA. Service: 4/18/2005.(mb2, ) (Entered: 04/20/2005) |
| 10/19/2005 | 14 | STATUS REPORT ORDER: Status Report due by 10/24/2005. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 10/21/2005) |
| 10/31/2005 | 15 | JOINT STATUS REPORT, filed by OSI, INC. [FILED BY LEAVE OF THE JUDGE] Service: 10/20/2005.(mb2, ) (Entered: 11/02/2005) |
| 12/01/2005 | 16 | ORDER Setting Hearing on Motion 7 MOTION to Dismiss pursuant to Rule 12(b)(1): Oral Argument set for 12/20/2005 at 11:00 AM before Judge Mary Ellen Coster Williams. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 12/06/2005) |
| 12/05/2005 | 17 | ORDER Re-Setting Hearing on Motion 7 MOTION to Dismiss pursuant to Rule 12(b)(1): Oral Argument re-set for 12/20/2005 at 2:00 PM before Judge Mary Ellen Coster Williams. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 12/07/2005) |
| 12/22/2005 | | Set/Reset Transcript Deadlines: Transcript due by 12/27/2005. (vp1, ) (Entered: 12/22/2005) |
| 12/22/2005 | 18 | SCHEDULING ORDER: Supplemental Brief due by 1/10/2006. Response due by 1/25/2006. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 12/27/2005) |
| 12/28/2005 | 19 | TRANSCRIPT of Proceedings held on December 20, 2005 before Judge Mary Ellen Coster Williams. (dw1) (Entered: 01/03/2006) |
| 01/13/2006 | 20 | ORDER RETURNING UNFILED: Plaintiff's Additional Memorandum in Opposition to Partial Motion to Dismiss received 1/9/2006. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 01/19/2006) |

| 01/30/2006 | 21 | SUPPLEMENTAL MEMORANDUM re: 10 Response to Motion, filed by OSI, INC. [FILED BY LEAVE OF THE JUDGE] Service: 1/4/2006. (mb2, ) (Entered: 02/01/2006) |
|---|---|---|
| 01/30/2006 | 22 | MOTION for Extension of Time until 1/30/2006 to File Response as to 21 Memorandum , filed by USA. [FILED BY LEAVE OF THE JUDGE] Service: 1/24/2006. (mb2, ) (Entered: 02/01/2006) |
| 01/30/2006 | 23 | ORDER granting 22 Motion for Extension of Time to File Response as to 21 Memorandum. Response due by 1/30/2006. Signed by Judge Mary Ellen Coster Williams. (mb2, ) (Entered: 02/01/2006) |
| 02/02/2006 | 24 | RESPONSE to 21 Memorandum , filed by USA. [FILED BY LEAVE OF THE JUDGE] Service: 1/30/2006.(mb2, ) (Entered: 02/06/2006) |
| 04/28/2006 | 25 | NOTICE of Change of Address by Terry M. Petrie. Service: 4/27/2006. (mb2, ) (Entered: 05/03/2006) |
| 08/31/2006 | 26 | ORDER directing the Clerk to designate this case as an electronic (ECF) case. All future filings will be in electronic form. Signed by Judge Mary Ellen Coster Williams. (hw1, ) (Entered: 08/31/2006) |
| 08/31/2006 | 27 | NOTICE of Designation of Electronic Case. (hw1, ) (Entered: 08/31/2006) |
| 09/08/2006 | 28 | PUBLISHED OPINION. Defendant's Partial 7 Motion for Dismissal is hereby DENIED. **The Court will conduct a telephonic conference on October 3, 2006, at 11:00 a.m. E.S.T.** Signed by Judge Mary Ellen Coster Williams. (tb1, ) Modified on 9/11/2006 (hw1, ). (Entered: 09/08/2006) |
| 09/08/2006 | | Set Deadlines/Hearings: Status Conference set for 10/3/2006, 11:00 AM, E.S.T. in Chambers (Telephonic) before Judge Mary Ellen Coster Williams. (hw1, ) (Entered: 09/11/2006) |
| 10/03/2006 | 29 | SCHEDULING ORDER:**Amended Complaint due by 10/13/2006. Answer due by 11/3/2006. JPSR due by 12/15/2006. Status Conference set for 12/19/2006 11:00 AM in Chambers (Telephonic) before Judge Mary Ellen Coster Williams.** Signed by Judge Mary Ellen Coster Williams. (dc2, ) (Entered: 10/03/2006) |
| 10/06/2006 | 30 | AMENDED COMPLAINT, filed by OSI, INC... (Fuller, J.) (Entered: 10/06/2006) |
| 11/01/2006 | 31 | Unopposed MOTION for Extension of Time until 11/17/2006 to File Answer re 30 Amended Complaint, filed by USA.**Response due by 11/20/2006.**(Petrie, Terry) (Entered: 11/01/2006) |

| 11/02/2006 | [32](#) | ORDER granting [31](#) Motion for Extension of Time to Answer, **Answer due by 11/17/2006.** Signed by Judge Mary Ellen Coster Williams. (tb1, ) (Entered: 11/02/2006) |
| 11/14/2006 | [33](#) | Second MOTION for Extension of Time until 1/8/2007 to File Answer re [30](#) Amended Complaint, filed by USA.**Response due by 12/1/2006.**(Petrie, Terry) (Entered: 11/14/2006) |
| 11/16/2006 | [34](#) | ORDER granting [33](#) Motion for Extension of Time to Answer and staying proceedings until January 8, 2007. **Joint Status Report due January 8, 2007** Signed by Judge Mary Ellen Coster Williams. (tb1, ) (Entered: 11/16/2006) |
| 01/04/2007 | [35](#) | JOINT STATUS REPORT, filed by USA. (Petrie, Terry) (Entered: 01/04/2007) |
| 01/10/2007 | [36](#) | ORDER EXTENDING STAY **Status Report due by 4/9/2007** Signed by Judge Mary Ellen Coster Williams. (tb1, ) (Entered: 01/10/2007) |
| 04/06/2007 | [37](#) | JOINT STATUS REPORT *(Request to Use Settlement Judge for ADR)*, filed by all parties. (Petrie, Terry) (Entered: 04/06/2007) |
| 04/10/2007 | [38](#) | ORDER REFERRING CASE to ADR. Case referred to Judge Eric G. Bruggink for ADR proceedings; Court stays further proceedings in this action until 14 days after the conclusion of ADR. Signed by Judge Mary Ellen Coster Williams. (tb1) (Entered: 04/10/2007) |
| 04/27/2007 | [39](#) | ADR SCHEDULING ORDER:**ADR Status Conference set for 5/8/2007 at 03:00PM in Chambers (Telephonic) before Senior Judge Eric G. Bruggink.** Signed by Judge Eric G. Bruggink. (jpk) (Entered: 04/27/2007) |
| 05/29/2007 | [40](#) | ADR SCHEDULING ORDER:**ADR Status Conference set for 6/21/2007 at 11:00AM in Chambers (Telephonic) before Senior Judge Eric G. Bruggink.** Signed by Judge Eric G. Bruggink. (jpk) (Entered: 05/29/2007) |
| 06/20/2007 | [41](#) | ADR SCHEDULING ORDER:**Telephonic ADR Status Conference set for 7/3/2007 11:00AM before Senior Judge Eric G. Bruggink.**Signed by Judge Eric G. Bruggink. (jpk) (Entered: 06/20/2007) |
| 07/10/2007 | [42](#) | STATUS REPORT *Joint Status Report*, filed by USA. (Petrie, Terry) (Entered: 07/10/2007) |
| 07/11/2007 | [43](#) | ADR SCHEDULING ORDER:**Telephonic ADR Status Conference set for 8/2/2007 at 11:00 AM before Senior Judge Eric G. Bruggink.**Signed by Judge Eric G. Bruggink. (jpk) (Entered: 07/11/2007) |

| 10/05/2007 | [44](#) | JOINT STATUS REPORT *Final*, filed by USA. (Petrie, Terry) (Entered: 10/05/2007) |
|---|---|---|
| 12/10/2007 | [45](#) | ADR SCHEDULING ORDER:**ADR Telephonic ADR Stats Conference set for 12/11/200702:00 PM before Senior Judge Eric G. Bruggink.** Signed by Judge Eric G. Bruggink. (jpk) (Entered: 12/10/2007) |
| 12/11/2007 | [46](#) | ADR SCHEDULING ORDER: **Status Report due by 1/25/2008** Signed by Judge Eric G. Bruggink. (jpk) (Entered: 12/11/2007) |
| 01/08/2008 | [47](#) | JOINT STATUS REPORT, filed by USA. (Petrie, Terry) (Entered: 01/08/2008) |
| 03/28/2008 | [48](#) | STATUS REPORT, filed by USA. (Petrie, Terry) (Entered: 03/28/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/07/2008 16:44:01 | | |
| **PACER Login:** | du4733 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-01210-MCW |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |