IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CASE NO: 2:08CV180-TFM |
| | ) | |
| 22.58 ACRES OF LAND, MORE | ) | |
| OR LESS, SITUATED IN | ) | |
| MONTGOMERY COUNTY, STATE | ) | |
| OF ALABAMA, AND OSI, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' REPLY TO THE PLAINTIFF'S
### RESPONSE TO MOTION TO DISMISS

COME NOW the Defendants, by and through counsel, and hereby move this Court to dismiss this action and state as grounds as follows:

1) The Plaintiff, United States of America, in the course of this action, sought to condemn the property of the Defendants through a Complaint for Condemnation on March 13, 2008.

2) The Defendants and Plaintiff in this case are involved in a related but completely separate lawsuit in the Court of Federal Claims, <u>OSI, Inc. v. The United States of America</u>, Case No. 1:04-CV-01210-MCW, which was filed on July 22, 2004, nearly four years before the case at hand was filed.

3) In the earlier case, <u>OSI, Inc. v. The United States of America</u>, at issue is whether or not an inverse condemnation has taken place.

4) The Plaintiff in the case at hand seeks to have the same issue resolved that is being litigated in the earlier case. To be certain, OSI, in the 2004 case, alleges that the United States condemned the property at issue by: 1) drilling wells, 2) erecting a fence, and 3) denying the owner, OSI, access to its own property. All the while OSI was never given a penny for the taking. Now USA wants to bring its own condemnation proceeding regarding the exact same land and the exact same issue.

5) The Defendant, OSI, admits that use of the word "moot" in its original motion to dismiss was improper, although one could very well contend that a ruling that the land is actually condemned would relegate the early case as moot, which is perhaps what the United States is looking to do by bringing this second case.

6) The proper reason for dismissal of this case is formed under the well established "first-filed" rule, which basically states that, in issues such as this, the forum where the action was first filed is the proper forum. More specifically the 11th Circuit has stated "where two actions involving overlapping issues and parties are pending in two federal Courts, there is a strong presumption across the federal circuits that favors the forum of the first filed suit under the first-filed rule, Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. Ga. 2005), citing United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (describing the **first-filed rule** as "well-established"); Church of Scientology of Cal. v. United States Dep't of Defense, 611 F.2d 738, 750 (9th Cir. 1979) (noting that the **first-filed rule** "should not be disregarded lightly").

WHEREFORE, the Defendants hereby move this Court to dismiss this action in favor of the pending action in the first forum, the Court of Federal Claims.

Respectfully submitted this the 21st day of May, 2008.


    /s/ J. Doyle Fuller
J. DOYLE FULLER (FUL005)

OF COUNSEL:

J. Doyle Fuller, Esq.
Jacob A. Fuller, Esq.
LAW OFFICE OF
J. DOYLE FULLER, P.C.
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Hon. Terry M. Petrie
Environmental and Natural Resources Division
U. S. Department of Justice
999 18th Street, Suite 945
Denver, CO  80202


Hon. Grant L. Kratz
U. S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC  20026-3986


via electronic notification on this the 21st day of May, 2008.


                                               /s/ J. Doyle Fuller
                                               Of Counsel