IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Action No.: **2:08-cv-180-TFM** |
| ) | |
| 22.58 ACRES OF LAND, MORE OR ) | |
| LESS, SITUATE IN MONTGOMERY ) | |
| COUNTY, STATE OF ALABAMA, ) | |
| AND OSI, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S MOTION TO DEPOSIT FUNDS AND MOTION FOR DELIVERY OF POSSESSION

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby files this memorandum in support of its previously filed Motion To Deposit with the Clerk of the Court, Middle District of Alabama, a United States Treasury Check in the amount of $53,000.00 pursuant to Fed.R.Civ.P. 71.1(j) in an interest bearing account and its Motion for Order of Delivery of Possession.

*I.     Background*

On March 13, 2008, the United States filed a Complaint for Condemnation of an easement interest over certain portions of land owned by the defendant (doc. 1). At the same time, the United States filed a Declaration of Taking (doc. 3) under Title 40, United States Code Section 3114 (doc. 1, Schedule A). In accordance with § 3114, the United

States contemporaneously filed its Motion to Deposit Funds (doc. 2); Motion for Order or Delivery of Possession (doc. 4); and a Notice of Condemnation (doc. 5).  All documents previously identified were accepted by the Clerk of the Court.  However, the clerk refused to accept the United States Treasury Check that the United States submitted pursuant to § 3114 as estimated just compensation.

The defendant was served with the summons and complaint on March 26, 2008 (doc. 7).   In lieu of an answer, the defendant filed a Motion to Dismiss on April 14, 2008 (doc. 16).  Following, a response was filed by the United States filed on May 7, 2008 (doc. 24), to which the defendant replied on May 21, 2008 (doc. 27).  The Motion to Dismiss is still pending.

Defendant did not respond to either the motion to deposit funds or the motion for delivery of possession.  On April 15, 2008 (after defendant's motion to dismiss was filed), the Court issued an order (doc. 18) directing the defendant to show cause, on or before May 14, 2008 why the motion to deposit funds and the motion for delivery of possession should not be granted.  On May 14, 2008, the defendant sought an extension of time, until May 21, 2008, to respond to the order to show cause (doc. 25).  The Court granted that extension of time and the defendant filed its reply to the plaintiff's Response to the Motion to Dismiss on May 21, 2008 (doc. 27).  As of this date, more than three months after the extended deadline, defendant has yet to respond to the Court's order to show cause why the Motion to Deposit Funds and Motion for Delivery of Possession

should not be granted. The defendant has never objected to the deposit of estimated just compensation into the registry of the Court.

## II. *Legal Arguments and Citations of Authority*

### A. The Declaration of Taking Act, 40 U.S.C. § 3114.

The instant matter and the statutory authority on which it's premised are based on the concept of eminent domain. Eminent domain is the inherent power of the sovereign to take private property for public use. The United States Constitution does not explicitly grant the power of eminent domain; rather, the Supreme Court has found it inherent in the sovereign and inferred in the wording of the Fifth Amendment. While assuming the United States power of eminent domain, the Fifth Amendment limits its exercise by requiring condemnation be for a public use and payment of just compensation. Kohl v. United States, 91 U.S. 367, 371-72 (1875). Condemnation, the physical exercise of the right of eminent domain, has been deemed essential to the life of the state, and consequently it cannot be surrendered or contracted away. *See* Georgia v. Chattanooga, 264 U.S. 472, 480 (1924).

The only issues proper for judicial determination in an eminent domain case are: 1) whether the taking is for a Congressionally authorized public use; and 2) the amount of just compensation required by the Fifth Amendment. Herein, the defendant does not appear to question the validity of the public use, thus the sole question for trial is the amount of just compensation. *See* Berman v. Parker, 348 U.S. 26, 32-36 (1954); United

States ex rel. Tenn. Valley Authority v. Welch, 327 U.S. 546, 552- 55 (1946).

      There are two methods by which the Department of Justice initiates eminent domain cases on behalf of the United States. If immediate possession is needed, as in the instant matter, and the acquiring federal agency is prepared to pay the valuation set in court, the United States may file in the district court encompassing the real property in question a declaration of taking under 40 U.S.C. § 3114, which states:

> In any proceeding in any court of the United States outside of the District of Columbia brought by and in the name of the United States and under the authority of the Federal Government to acquire land, or an easement or right of way in land, for the public use, the petitioner may file, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the land described in the petition, declaring that the land is taken for the use of the Government. The declaration of taking shall contain or have annexed to it--
>
> (1)    a statement of the authority under which, and the public use for which, the land is taken;
>
> (2)    a description of the land taken that is sufficient to identify the land;

    (3)    a statement of the estate or interest in the land taken for public use;

    (4)    a plan showing the land taken; and

    (5)    a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

The Declaration of Taking Act, 40 U.S.C. § 3114(a). The Declaration of Taking Act limits the authority of the district court:

> On the filing of a declaration of taking, the court--
>
> **(1)** may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner; and
>
> **(2)** may make just and equitable orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges.

Id. at § 3114(d). All the requirements of §3114(a) have been fulfilled by the United States in this action. Similarly, the United States tendered its estimation of just compensation at the time of filing the complaint via its Motion to Deposit Funds which

has yet to be decided.¹

    **B.**    **Rule 71.1, Federal Rules of Civil Procedure**

Rule 71.1, Federal Rules of Civil Procedure states that it, "govern[s] proceedings to condemn real and personal property by eminent domain, except as this rule provides otherwise." Rule 71.1(a). Amongst its many provisions, the rule mandates that, "the Plaintiff *must* deposit with the court any money required by law as a condition to the exercise of eminent domain and may make a deposit when allowed by statute." Rule 71.1(j)(1) (emphasis added).

The Declaration of Taking Act is a statute that allows the United States to make a deposit of estimated just compensation. The Act envisions the deposit of the estimated just compensation into the registry of the Court at the time of the filing of the declaration of taking. Clearly, the intent of the statute is to allow the United States to acquire possession and title and to avoid unnecessary delay in the consummation of public projects. McKendry v. United States, 219 F.2d 357, 358 (9th Cir. 1953); In Re United States, 257 F.2d 844 (5th Cir. 1958), cert. denied, 358 U.S. 908 (1958). Furthermore, 40

---

    ¹    In contrast, in a "complaint only" case under 40 U.S.C. § 3113, a complaint is filed requesting valuation of the property interest the United States wishes to acquire. However, the government does not acquire that interest upon filing of the case. The determination of value instead serves to give the United States an option to purchase the property for the adjudicated value. If the price is greater than the acquiring agency is willing to pay, the case may be dismissed subject to the limitations of Fed. R. Civ. P. 71.1(I). Because acquisition does not occur upon filing of a complaint only case, the government does not take possession, and the date of valuation is delayed until that amount is determined by the court. *See* Kirby Forest Industries, Inc. v. United States, 467 U.S. 1 (1984).

U.S.C. § 3114, and the mandate of Rule 71.1(j)(1) give the owner immediate compensation, in the form of estimated value[2], in return for the title to his land. United States v. Miller, 317 U.S. 369, 381 (1943); United States v. 2,606.84 Acres of Land, 32 F.2d 1286 (5th Cir. 1970), cert. denied, 402 U.S. 916 (1971).

The United States lawful purpose for condemnation is presently inhibited as its Motion to Deposit Funds and Motion for Order for Delivery of Possession have not been signed and entered into the record of these proceedings. As the foregoing makes clear, the deposit of the funds, *See* Rule 71.1(j)(2), is an integral part of the United States' right to exercise its sovereign power of eminent domain.

### III.  *Conclusion*

For the foregoing reasons, the Court should grant the plaintiff's Motion to Deposit Funds, and Motion for Order for Delivery of Possession and instruct the Clerk to accept tender from the United States of the deposit of estimated just compensation.

---

[2]     The United States incurs an obligation to pay any adjudicated deficiency in its deposit, plus interest. *See* 40 U.S.C. §§ 3114-3116.

Respectfully submitted this 29th day of August, 2008.

                LEURA G. CANARY
                United States Attorney

By:   /s/ R. Randolph Neeley
        R. RANDOLPH NEELEY
        Assistant United States Attorney
        Bar Number: 9083-E56R
        Post Office Box 197
        Montgomery, AL  36101-0197
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        E-mail: rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008, I filed the foregoing with the Clerk of the Court, which will send notice to J. Doyle Fuller; Jacob A. Fuller; Thomas T. Gallion, III; and Constance Caldwell Walker and I certify that I have served a copy of same to the non CM/ECF participants by placing a copy in the U.S. Mail, postage pre-paid and addressed as follows:

| | |
|---|---|
| City of Montgomery | Illinois Central Gulf Railroad Company |
| Legal Division | A Delaware Corporation |
| Room 200 | The Corporation Company |
| 103 North Perry Street | 2000 Interstate Park Drive, Ste. 204 |
| Montgomery, Alabama 36104 | Montgomery, Alabama 36109 |

                /s/ R. Randolph Neeley
                Assistant United States Attorney